IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICKEY MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-1019-NJR |
| | ) | |
| JUSTIN SNELL, | ) | |
| C/O FENTON, | ) | |
| SANDIE WALKER, | ) | |
| KEVIN R. HELD, | ) | |
| JUAN J. BERNARD, | ) | |
| NATHAN McCARTY, | ) | |
| ZACHARY FITZGERALD, | ) | |
| PHILIP ROYSTER, | ) | |
| M. CANNON, | ) | |
| KELLY PIERCE, | ) | |
| LARISSA WANDRO, | ) | |
| LORI OAKLEY, | ) | |
| ROBERT HUGHES, | ) | |
| K. ALLSUP, | ) | |
| CYNTHIA L. MEYER, | ) | |
| JOHN R. BALDWIN, | ) | |
| FRANK LAWRENCE, | ) | |
| and JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mickey Mason, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants retaliated against him for filing a lawsuit. He asserts claims against the defendants

1

under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On October 29, 2018, Plaintiff filed a Complaint against Justin Snell, Zachary Fitzgerald, Trenton Freeman, Susan Hill, Josh Miller, and Jacqueline Lashbrook (Doc. 1, p. 10). *See Mason v. Freeman*, Case No. 18-cv-2029-NJR. In retaliation for filing the Complaint, Nathan McCarty walked past Plaintiff's cell on two occasions and stated "you're dead" (*Id*. at p. 13). Plaintiff wrote a grievance about McCarty's conduct, but grievance officer Wandro and Lashbrook denied the grievance. Plaintiff wrote a number of other grievances which were denied by Allsup and Lashbrook.

On November 19, 2018, Snell and Fenton denied Plaintiff access to the law library in retaliation for filing his Complaint (*Id*. at p. 15). They informed Plaintiff that he could not take his documents and exhibits to the law library. The documents were related to his criminal case, as well as a civil case pending in this district (*Id*.). Snell and Fenton ordered Plaintiff to return to his cell, but he asked to speak with Lieutenant Bernard and Major Hughes (*Id*. at p. 16). Snell refused and responded that Plaintiff listed him as a defendant in his pending case. He then ordered Fenton to take Plaintiff's ID card. Plaintiff continued to ask to speak to the lieutenant and major, but instead

of allowing him to do so, Fenton ordered Plaintiff to pack up his property and took him to segregation (*Id*. at pp. 16-17). Plaintiff was then ordered to strip naked by Fenton and searched in front of female staff (*Id*.). After being searched, Lieutenant Bernard walked up, and Plaintiff explained that he was wrongly being placed in segregation due to retaliation by Snell and Fenton. Bernard told him to write a grievance (*Id*. at p. 18).

Plaintiff was placed in segregation, and his hygiene items were taken away from him (Doc. 1, p. 18). The segregation cell contained a bed mat with blood on it, and the cell lacked heat. He requested another cell and his hygiene items back but was ignored. He specifically informed M. Cannon about the lack of heat and bloody mattress, but Cannon ignored him (*Id*. at p. 21). His hygiene items were not received until six days after being placed in segregation (*Id*. at p. 20).

Plaintiff was issued a disciplinary report, which he alleges was falsified by Snell and Fenton as retaliation. He sent a written summary explaining the false charges to Hughes, Lashbrook, the Administrative Review Board ("ARB"), Baldwin, the Illinois State Police, and his family (*Id*. at p. 20). Adjustment committee members Walker, Held, and Bernard found him guilty of the false disciplinary ticket in retaliation for Plaintiff's previously filed lawsuit. They also allegedly violated his due process rights by failing to review the camera footage and call a witness as Plaintiff requested (*Id.* at p. 21). Lashbrook, Held, and Bernard signed off on the final summary report (*Id*. at p. 22). Plaintiff received two months C grade status and commissary restrictions (*Id*. at pp. 18 and 22). While his disciplinary report was pending a hearing, Plaintiff remained in segregation for a total of nine days (*Id*. at p. 22).

On December 19, 2018, Plaintiff wrote an emergency grievance about the denial of his library access. Kelly Pierce, who was also a defendant in another of his pending cases, refused to return the grievance in retaliation for the pending lawsuit against her. Plaintiff wrote another

grievance about the false disciplinary report on December 31, 2018 (*Id*. at p. 23). He wrote a letter to Baldwin about his grievances but never received a response (*Id*. at p. 24).

Plaintiff was later transferred to the West cellhouse. On May 9, 2019, his cold water was shut off. He informed Royster about the lack of water, but he was ignored (Doc. 1, p. 24). He also informed Fitzgerald, a defendant in Plaintiff's other pending lawsuit, but he simply smiled and walked away (*Id*. at p. 25). On May 22, 2019, Snell called him a "snitch" in front of other staff members, which allegedly placed Plaintiff in a hostile environment. After Fitzgerald was placed in Plaintiff's cellhouse, he began smelling mace on several occasions. He notified both Royster and Fitzgerald, but they refused to help him with either the lack of water or smell (*Id*. at p. 26).

Plaintiff wrote a number of grievances regarding his false disciplinary ticket, conditions of confinement, and retaliation. Lashbrook, Lawrence, Pierce, Wandro, Oakley, Allsup, Meyer, and Baldwin denied the grievances and did not take appropriate action to investigate the grievances (*Id*. at pp. 27-30).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

> **Count 1:** **Nathan McCarty, Justin Snell, C/O Fenton, Juan J. Bernard, Sandie Walker, Kevin R. Held, Jacqueline Lashbrook, Kelly Pierce, and Zachery Fitzgerald retaliated against Plaintiff for filing a lawsuit against them in violation of the First Amendment.**
>
> **Count 2:** **C/O Fenton and M. Cannon were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement while in segregation.**
>
> **Count 3:** **Juan J. Bernard, Sandie Walker, and Kevin R. Held violated Plaintiff's due process rights under the Fourteenth Amendment by failing to call witnesses and failing to review Plaintiff's submitted evidence.**

4

> **Count 4:** Philip Royster and Zachery Fitzgerald were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement in the West cellhouse.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Preliminary Dismissals

Plaintiff alleges that grievance officials Jacqueline Lashbrook, Frank Lawrence, Kelly Pierce, Larissa Wandro, Lori Oakley, K. Allsup, Cynthia Meyer, and John Baldwin failed to take proper action after receiving his numerous grievances. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Further, the denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). To the extent that Plaintiff alleges that these individuals are liable for simply denying or failing to remedy his issues after receiving his grievances, those claims are **DISMISSED without prejudice**.

Plaintiff also lists Robert Hughes as a defendant, but he fails to allege any constitutional violation by Hughes. The allegations in the Complaint indicate that he asked to speak to Hughes on numerous occasions on November 19, 2018, but his request was denied (*Id*. at pp. 16-17). He

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

also alleges that he submitted his written summary for his disciplinary hearing to a number of individuals, include Hughes, but he does not allege that Hughes participated in the disciplinary hearing or that he took part in any way in the decision to discipline Plaintiff. Because Plaintiff fails to allege that Hughes denied his constitutional rights in any way, the Court also **DISMISSES** Hughes **without prejudice**.

**Count 1**

Plaintiff alleges that a number of the defendants retaliated against him for filing a Complaint against them. He alleges that McCarty threatened him. He alleges that Snell and Fenton denied him access to the law library and wrote a false disciplinary ticket against him. He alleges that Bernard, Walker, Held, Bernard, Walker, and Lashbrook found him guilty of that false disciplinary ticket. He further alleges that Pierce refused to return his grievances and that Fitzgerald refused to remedy the water issues in his cell, all in retaliation for filing the Complaint in *Mason v. Freeman*. The Court finds that these allegations state a claim for retaliation. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)).

**Count 2**

Plaintiff states a claim for deliberate indifference to his conditions of confinement against Fenton and Cannon. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

**Count 3**

Plaintiff fails to state claim on his due process claim against Bernard, Walker, and Held because he fails to allege that he suffered the loss of a liberty interest which would trigger due

process protections. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff did not lose any good conduct credit, and he was not placed in segregation as a result of the disciplinary ticket. He was placed in segregation for nine days prior to the disciplinary hearing, but that does not amount to a liberty interest. *Townsend*, 552 F.3d at 771. He was also demoted to C Grade, but that demotion also does not give rise to a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases). Accordingly, Count 3 is **DISMISSED without prejudice.**

### Count 4

Plaintiff also states a claim against Royster and Fitzgerald for deliberate indifference to his conditions of confinement. *Townsend*, 522 F.3d at 773; *Dixon,* 114 F.3d at 643.

### Disposition

For the reasons stated above, Frank Lawrence, Larissa Wandro, Lori Oakley, K. Allsup, Cynthia Meyer, John Baldwin, and Robert Hughes are **DISMISSED without prejudice** for failure to state a claim, and the Clerk is **DIRECTED** to **TERMINATE** them from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Count 1 shall proceed against McCarty, Snell, Fenton, Bernard, Walker, Held, Lashbook, Pierce, and Fitzgerald. Count 2 shall proceed against Fenton and Cannon. Count 3 is **DISMISSED without prejudice.** Count 4 shall proceed against Royster and Fitzgerald.

The Clerk of Court shall prepare for Defendants Nathan McCarty, Justin Snell, C/O Fenton, Juan J. Bernard, Sandie Walker, Kevin R. Held, Jacqueline Lashbrook, Kelly Pierce, Zachery Fitzgerald, M. Cannon, and Philip Royster: (1) Form 5 (Notice of a Lawsuit and Request to Waive

7

Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/2/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**