IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICKEY MASON,

    Plaintiff,

v.

JUSTIN SNELL, et al.,

    Defendants.

Case No. 19-cv-1019-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Cannon's motion for leave to file answer *instanter* and vacate clerk's default (Doc. 45). On December 3, 2019, waivers of service were issued on Plaintiff's Complaint (Doc. 11). Defendant Cannon returned her waiver on December 4, 2019, and her answer was due on February 3, 2020 (Doc. 13). She failed to file an Answer. Accordingly, the Court directed that default be entered against Cannon on February 7, 2020, and Plaintiff was directed to file a motion for default judgment within 21 days (Docs. 33 and 34). On February 26, 2020, Cannon filed the pending motion to vacate the default.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default

judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Cannon has met the standard for vacating the entry of default. Specifically, Cannon has shown good cause because she returned her waiver to the prison with the impression that the waiver would be forwarded to Wexford Health Sources, Inc. and counsel assigned to her. Her waiver was not submitted to Wexford. Cannon was also not informed of the default against her because the Order sent from the Court was returned as non-deliverable. As soon as Wexford learned of the default from the Illinois Attorney General's office, counsel was retained for her, and the pending motion to vacate was submitted. She also has a meritorious defense and seeks to file an Answer instanter.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendant Cannon has met the requirements of Rule 55(c) and **GRANTS** the motion to vacate (Doc. 45). The Court likewise **GRANTS** her request to file an Answer *instanter*; her Answer is deemed timely filed.

**IT IS SO ORDERED.**

DATED:   February 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**