**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| MICKEY MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 19-cv-1019-NJR |
| | ) | |
| NATHAN MCCARTHY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE ILLINOIS DEPARTMENT OF CORRECTIONS TO PRODUCE A RULE 30(B)(6) DEPONENT**

NOW COMES Interested Party, the ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for its Response to Plaintiff's Motion to Compel the Illinois Department of Corrections to Produce a Rule 30(B)(6) Deponent and Memorandum in Support (Docs. 126, 127), states as follows:

**Introduction**

On October 25, 2023, approximately one month after the parties determined there was a disagreement on the scope of discovery and the day discovery closed in this case, Plaintiff filed his Motion to Compel the Illinois Department of Corrections ("IDOC") to Produce a Rule 30(B)(6) Deponent and Memorandum in Support (collectively "Motion to Compel"). (Docs. 126, 127). The primary purpose of Plaintiff's Motion to Compel is obtaining further information about video footage that may or may not have existed, which may or may not have been able to be used as evidence by Plaintiff in this case. (Doc. 127).

Plaintiff's Motion to Compel more clearly lays out the allegations Plaintiff has made in this case. (Doc. 127). At issue here is video footage that Plaintiff believes may have shown his alleged interactions with Defendants on November 7, 2018, and November 19, 2018. (Doc. 127).

## Argument

**I. Plaintiff's Motion to Compel is untimely.**

As a preliminary matter, Plaintiff's Motion to Compel is untimely and his delay in filing such has caused an unnecessary delay in this case. Based on the docket, Plaintiff has filed a total of six (6) motions to extension of time to complete discovery in this case. (Docs, 110, 115, 118, 120, 122, 124). As indicated in Plaintiff's Motion to Compel, counsel for Plaintiff and the IDOC held a discovery dispute conference on September 21, 2023, at which time they were unable to reach a resolution on the deposition topics related to video footage. (Doc. 127, p. 7). On September 25, 2023, knowing that Plaintiff and IDOC had reached an impasse on these discovery issues, Plaintiff filed his Sixth Motion to Extend the Discovery Deadline, requesting an extension to October 25, 2023. (Doc. 124). However, even knowing that their requested discovery deadline of October 25, 2023, was quickly approaching, Plaintiff failed to file his Motion to Compel until the day of the discovery deadline. (Docs. 125, 127).

In the absence of hard and fast rules governing the timeliness of a motion to compel filed before the close of discovery, some courts in this District have looked to three factors when "assessing delay of a moving party": (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *Feit Elec. Co. v. CFL Techs. LLC*, 2023 U.S. Dist. LEXIS 83685, *21 (citing *West v. Miller*, No. 05C4977, 2006 U.S. Dist. LEXIS 56243, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2006)). Here, Plaintiff's Motion to Compel has delayed this case and a motion to stay had to be filed as to the dispositive motion deadline. (Doc. 134). Upon information and belief, there has been no further discovery completed and the dispositive motions deadline has been stayed.

The IDOC, a non-party to this lawsuit, believes that these factors weigh in favor of denying the Motion to Compel as untimely. As such, the Court should exercise its discretion and deny Plaintiff's Motion to Compel.

**II. The requested discovery is overly burdensome to the IDOC as a non-party.**

Plaintiff alleges that their request for a Rule 30(b)(6) deposition on the compliance with their prior subpoena, discovery on discovery, is permissible because it would aid Plaintiff in determining whether a motion for discovery sanctions is necessary and the appropriate relief to seek in such a motion. (Doc. 127, p. 9). Although discovery on discovery is not *per se* impermissible, Courts have cautioned against permitting the "rabbit hole of discovery on discovery." *Gross v. Chapman*, 2020 U.S. Dist. LEXIS 133008, 2020 WL 4336062, at *2 (N.D. Ill. 2020) (citing *Grant v. Witherspoon*, 2019 U.S. Dist. LEXIS 221368, 2019 WL 7067088, at *1 (S.D.N.Y. 2019) ("Where, as here, a party seeks "discovery on discovery," that party "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'")).

Plaintiff cites cases in which courts have permitted parties to conduct discovery on discovery when compliance is drawn into question. However, what Plaintiff fails to point to is cases in which discovery on discovery was permitted against a non-party. "[N]on-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue" because non-parties have a "different set of expectations than parties." *Craigville Tel. Co. v. T-Mobile United USA, Inc.*, 2022 U.S. Dist. LEXIS 226705, *3 (citing *United States ex rel Tyson v. Amerigroup Ill., Inc.*, 2005 U.S. Dist. LEXIS 24929, 2005 WL 3111972, at *4 (N.D. Ill. 2005); *Little v. JB Pritzker for Governor*, 2020 U.S. Dist. LEXIS 70668, 2020 WL 1939358, at *2

(N.D. Ill. 2020) (quoting *HTG Capital Partners, LLC v. Doe(s*, 2015 U.S. Dist. LEXIS 126358, 2015 WL 5611333, at *3 (N.D. Ill. 2015)). "While parties to a lawsuit must accept the invasive nature of discovery, non-parties experience an unwanted burden." *Id.* (quoting *Little*, 2020 U.S. Dist. LEXIS 70668, 2020 WL 1939358, at *2). In *Craigville*, a non-party that had the potential to be added as a defendant to the suit, was not required to produce a Rule 30(b)(6) deposition witness to testify about record keeping because the burden of such a deposition outweighed the non-party's status as a non-party to the case. *Id.* Admittedly, the IDOC is not an entirely disinterested party in a suit against employees of the IDOC. However, similar to the *Craigville* case, any interest that the IDOC does have in this litigation, certainly does not rise to the level of being burdened by discovery on discovery.

In order to produce a Rule 30(b)(6) deponent to testify to the topics Plaintiff has proposed, the IDOC would need to designate likely multiple people to testify about specific facility capabilities five (5) years ago, for which there is likely no documentation. As such, the deponent or deponents would likely have to rely on their recollection of the capabilities in specific cellhouses or areas of the facility, which have likely significantly faded. Plaintiff's proposed topics would also require IDOC to designate a deponent to testify regarding the thought process and state of mind of a former employee responding to one of many subpoenas received by the IDOC. This would clearly be an overly burdensome task for the IDOC.

Further, Plaintiff's initial subpoena was served upon IDOC on April 20, 2022, approximately three and a half years after the alleged incidents relevant to Plaintiff's complaint. Plaintiff seems to allege that video footage depicting the incidents, if any such footage existed, should have been maintained based on the grievances filed by Plaintiff. (Doc. 127). However, there are numerous grievances filed every day, regarding various topics, at correctional facilities, such

as Menard Correctional Center. Requiring facilities to review, pull, and retain every piece of video footage that may be related to a grievance, in case the topic of that grievance turns into a lawsuit at some point, would be an extremely burdensome requirement.

Based on the foregoing, it is clear that Plaintiff's requested discovery is extremely burdensome to non-party IDOC and his Motion to Compel should be denied.

**III. The requested discovery has little probative value.**

As explained, *supra,* designating a deponent to testify about Plaintiff's proposed topics would be overly burdensome in and of itself. However, taken in light of the probative value of any testimony obtained through such a deposition, the burden on the IDOC is even more clear.

Plaintiff's assertion that these requests go to the core of Plaintiff's case is misleading. Plaintiff's allegations in this suit are, generally, that in two instances, Defendants *verbally* threatened Plaintiff. (Doc. 127, p. 2-3). However, upon information and belief, counsel for Plaintiff has been informed that video footage at Menard Correctional Center is video only and does not contain any audio. As such, even if any video footage existed at one point, it certainly would not contain any clear evidence of alleged verbal threats.

To the extent that Plaintiff's proposed deposition topics are based on the deposition testimony of Defendants in this case, the deposition testimony is certainly not clear that there is any discrepancy about placement of video cameras and what, if anything, they captured. Specifically, Defendant Fenton's testimony did not indicate that in November 2018 there were cameras in a specific location, or that he was sure what those cameras captured. (Doc. 127, Exhibit I, 26:2-27:3). Defendant Lashbrook's testimony was equally unsure about the specific locations of cameras and what any cameras would have been able to capture. (Doc. 127, Exhibit J, 38:19-40:13).

Additionally, Plaintiff's sole reasoning for this discovery on discovery is to determine whether a motion for discovery sanctions is necessary and the appropriate relief to seek in such a motion. (Doc. 127, p. 9). Because it appears the goal of the requested deposition would be to determine whether or not Plaintiff can seek sanctions in this matter, is it even more unclear why discovery on discovery would be warranted. If Plaintiff seeks to use the requested information to seek sanctions against Defendants, the work done by the IDOC to comply with Plaintiff's initial subpoena would be irrelevant because the IDOC is not a defendant in this matter.

As to Plaintiff's argument that the requested discovery would be used to gather information about IDOC's duty to preserve relevant evidence, it is unclear why IDOC would have had any reason to preserve relevant video footage, if any, regarding the alleged incidents as it is a non-party to this litigation. To the extent that Plaintiff indicates that IDOC cannot stand solely on it's document retention policy, this argument is also a misdirection as there is no evidence that the footage was pulled from the system for retention. The video retention policy only relates to footage that is actually pulled off the system, not all video recorded at the facility, as such, the retention policy is not relevant.

Because Plaintiff's requested discovery would likely hold little probative value for anything in this case, the probative value does not outweigh the extreme burden to the IDOC and Plaintiff's Motion to Compel should be denied.

**IV. The requested discovery would endanger the safety and security of the institution.**

As to Plaintiff's requests to have a deponent testify about the locations of video cameras in certain areas of Menard Correctional Center and what those video cameras cover or would have covered, this testimony would present a serious safety and security risk to the institution. The Seventh Circuit has held that non-disclosure is permissible where prison officials have asserted a

bona fide security justification. *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir., 2003) (citing *Gaither v. Anderson*, 236 F.3d 817, 819-20 (7th Cir. 2000)). Specifically, in this case, if an individual in custody, such as Plaintiff, were permitted to know the exact locations of security cameras and what those cameras capture, he could use that information to avoid detection, commit disciplinary infractions, or even harm other individuals in custody or staff. Therefore, production of information or testimony related to exact locations and capabilities of video cameras at Menard Correctional Center clearly poses a safety and security risk to the institution and the IDOC should not be required to provide such information.

WHEREFORE, for the above and foregoing reasons, the Illinois Department of Corrections respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel (Docs. 126, 127) and for such other relief as this Court finds just and equitable.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Interested Party,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Interested Party,

By: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (217) 782-9014
Fax: (618) 236-8620
E-Mail: tara.barnett@ilag.gov
& gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| MICKEY MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 19-cv-1019-NJR |
| | ) | |
| NATHAN MCCARTHY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, the foregoing document, *Response to Plaintiff's Motion to Compel the Illinois Department of Correction to Produce a Rule 30(B)(6) Deponent (Docs. 126, 127),* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Noah A. Childrey | nchildrey@kslaw.com |
| Patrick M. Collins | pcollins@kslaw.com |
| Jennifer R. Powell | Jennifer.powell@ilag.gov |
| Andrew M. Ramage | aramage@bhslaw.com |
| Anthony D. Schuering | aschuering@bhslaw.com |
| Dylan P. Grady | dgrady@bhslaw.com |

Respectfully submitted,

s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (217) 782-9014
Fax: (618) 236-8620
E-Mail: tara.barnett@ilag.gov
& gls@ilag.gov