IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICKEY MASON,

        Plaintiff,

v.                                                                        Case No. 3:19-CV-1019-NJR

JUSTIN SNELL,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion *in Limine* filed by Plaintiff Mickey Mason (Doc. 201), to which Defendant Justin Snell has filed a response in opposition (Doc. 204). The Court also has reviewed objections to the parties' Rule 26(a)(3) disclosures. (Docs. 191–92, 202–03, 205). The Court rules as follows.[1]

### I.    Mason's Motion *in limine* to Admit Evidence Relating to Menard Video Camera

Mason moves to be allowed to present evidence concerning the existence and loss of video footage of the incident underlying this trial. He claims that this testimony will be relevant to the credibility of Mason and Snell. He appears to argue that, because the video footage would have corroborated either the account of Mason or Snell, its absence means "the credibility of both Mason and Snell becomes all the more probative."[2] (Doc. 201, at 4).

---

[1] Objections to specific exhibits will be taken up at trial.

[2] Mason does not explain why evidence concerning video *preservation* would demonstrate credibility to the jury. The Court understands how the video *itself* might have demonstrated the credibility of one or the

Snell objects on the grounds that evidence as to the preservation of video footage is not relevant and that its probative value would be substantially outweighed by the risk of prejudice and confusion. The Court agrees. The evidence is not relevant within the meaning of Federal Rule of Evidence 401 to the question of whether Snell retaliated against Mason. Mason has not pointed to any evidence that Snell (1) was aware Mason had requested the footage, (2) was responsible for saving the footage, or (3) had access to the footage himself. Accordingly, the evidence could not possibly make any consequential fact about Snell more or less likely; indeed, the absence of the video footage, based on the evidence presented to the Court, seems potentially relevant only as to facts about non-parties such as the Illinois Department of Corrections (IDOC) or the individual officers who were responsible for the footage.

Further, Mason has failed to demonstrate a link between the failure to preserve the video footage and any element at issue. He says that "[w]ithout the footage to corroborate either party's account, the credibility of both Mason and Snell becomes all the more probative" (Doc. 201, at 4), but he has not explained *how* the evidence he wishes to offer would speak to Mason or Snell's credibility *at all*. He asserts, without citation to the proposed evidence, that "Snell could have requested that footage be downloaded and preserved," *id.* at 2; even if Mason had explained how he proposes to prove that assertion, Mason does not explain how it suggests anything about the credibility of either party's testimony.

---

other party by corroborating his version of events, but the Court does not see how evidence concerning the prison's video preservation practices or procedures would bear on either party's credibility. As the Court reads it, Mason's motion does not provide an explanation.

The Court is also concerned that admission of this evidence could confuse the jury or prejudice Snell by conflating his role in the events at issue with questions of video preservation or spoliation, which seem to have been the responsibility of officials other than Snell. Mason argues Snell would not be prejudiced because he could address the loss of the footage in his own testimony, but how would Snell do that if (as Snell asserts, and as Mason does not refute) he was not involved with the preservation of video footage? If Snell does not know why it was not preserved, his testimony cannot explain "how and why the video was lost." *Id.* at 4.

Mason has failed to show that evidence related to the preservation of video footage is relevant to this action. Accordingly, this motion *in limine* is **DENIED**.

## II.   Snell's Objections to Plaintiff's Rule 26(a)(3) Disclosures

### a.   Justin Snell (by designation)

In his objections to Mason's Rule 26(a)(3) disclosures, Snell objects to Mason's disclosure that he intended to present Snell's deposition testimony by designation. The Court already sustained this objection at the final pretrial conference. (*See* Doc. 197, at 3 n.2). Because Snell intends to provide his live testimony, the Court ruled that permitting Mason to designate (and Snell to counter-designate) snippets of Snell's deposition would be confusing to the jury and likely duplicative. Instead, Mason may call Snell as an adverse witness and use the deposition testimony for impeachment purposes, pursuant to Rule 32(a)(2).[3]

---

[3] Mason represented at the final pretrial conference that he does not intend to waive scope objections during Snell's cross-examination during Mason's case-in-chief. He asked the Court if this would be permissible. The Court confirmed, and reiterates here, that this is permissible.

b.  Major Sean Gee (by designation)

Snell also objects to Mason's disclosure that he intends to present Major Sean Gee's testimony by deposition designation. Specifically, he argues (1) that Mason is not entitled to present Major Gee's testimony by deposition designation under Rule 32, as he is neither a party nor unavailable, FED. R. CIV. P. 32(a)(3)–(4); and (2) that Mason failed to timely disclose his intent to present this testimony by deposition designation.

But this Court has denied Mason's motion *in limine* to admit evidence related to video preservation. Mason wishes to call Major Gee as a witness "regarding his factual knowledge of the Menard video surveillance system." (Doc. 205, at 3). Because his proposed testimony only concerns an issue this Court has ruled irrelevant, it is inadmissible. Accordingly, Snell's objection is moot. Major Gee's testimony cannot be presented at all, whether by deposition designation or otherwise.

c.  Gordon Blake

Snell objects to Mason's disclosure that he may call Gordon Blake, an IDOC inmate, on the basis that he failed to disclose the witness in compliance with the Federal Rules of Civil Procedure. He argues that Mason did not disclose Blake either in his initial 26(a)(1) disclosures or in a supplementation under Rule 26(e). Snell makes this latter assertion—that Mason never identified Blake in a supplemental disclosure—"upon information and belief." (Doc. 202, at 5). He acknowledges that Mason eventually provided a list of additional witnesses (presumably including Blake[4]) "in discovery

---

[4] Snell does not explicitly state that Blake's name was included in the list of potential witnesses, but the passage in Snell's objection makes no sense if Blake's name was not.

production." *Id.* He then appears to suggest that this list was not sufficient to satisfy Rule 26(e)'s requirements, but he does not explain how.[5] Based on the alleged failure to comply with Rule 26(e), Snell asserts that Mason must satisfy the "substantially justified or harmless" standard of Rule 37(c)(1).

Mason responds that Snell has been on notice that Blake was a potential fact witness since Mason's 2023 deposition.

The Court does not think Snell's objection adequately explains why Mason's disclosure of Blake was insufficient under Rule 26(e). Indeed, the Rule requires a party to "supplement or correct its disclosure or response" in a timely manner **if** (1) it learns its disclosure was incomplete or incorrect, **and** (2) *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.* FED. R. CIV. P. 26(e). Snell acknowledges he was provided with a list containing Blake's name during discovery, and Mason contends that he disclosed Blake's identity in 2023; accordingly, it would seem that Rule 26(e) has not been violated. However, even if Snell had established a violation of Rules 26(a) and (e), the failure to disclose would have been harmless, as Snell has had notice of Blake's identity and status as a potential witness for more than three years. (*See* Doc. 157-1, at 1, 19 (mentioning Blake as a witness during a May 8, 2023 deposition)). Accordingly, Snell's objection is **OVERRULED**.

---

[5] Snell's argument appears to cut off midsentence: "A copy of the list was subsequently provided to Defendant in discovery production, but the list provided by Plaintiff is not compliant with Rule"; the next sentence follows, and concerns a rule (Rule 37(c)(1)) which does not provide substantive requirements for compliance with Rule 26(e). In other words, Snell does not explain why the witness list provided during discovery was insufficient under Rule 26(e).

d.   Michael Smith

Snell objects to Mason's disclosure that he may call Michael Smith, an IDOC inmate, on the same basis as he objected to the disclosure of Gordon Blake. However, as discussed in the final pretrial conference and reiterated in Mason's response to Snell's objections, Mason has withdrawn this disclosure and does not intend to call Michael Smith to testify. Accordingly, Snell's objection is moot.

In sum, Snell's objection to Mason's disclosure of Snell's testimony by deposition designation is **SUSTAINED**. Major Gee will not be permitted to testify, either live or by deposition designation, pursuant to this Court's denial of Mason's motion *in limine*. Snell's objection to the disclosure of Blake's testimony is **OVERRULED**. And his objection to the disclosure of Smith's testimony is **OVERRULED as moot**.

### III.    Mason's Objections to Snell's Rule 26(a)(3) Disclosures

Mason does not object to any of Snell's disclosed witnesses, instead objecting to certain disclosed exhibits. As stated above, objections to specific exhibits will be taken up at trial. Accordingly, the Court **RESERVES RULING** on Mason's objections to Snell's Rule 26(a)(3) disclosures.

**IT IS SO ORDERED.**

**DATED:   July 7, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**