**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICKEY MASON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:19-CV-1019-NJR** |
| **JUSTIN SNELL,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Pending before the Court are eleven Motions *in Limine* filed by Defendant Justin Snell (Doc. 207), to which Plaintiff Mickey Mason has filed a response in opposition. (Doc. 208). The Court rules as follows.

**Motion *in Limine* No. 1:** To preclude Mason from suggesting, referencing, or eliciting any testimony regarding statutory indemnification by the State or any other benefit afforded Snell by the State Employee Indemnification Act.

Mason does not oppose this request to enforce a well-settled rule of evidence. *See Lawson v. Trowbridge*, 153 F. 3d 368, 379 (7th Cir. 1998) (citing *Larex v. Holcomb*, 16 F. 3d 1513, 1518 (9th Cir. 1994)) ("[E]vidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction."). Accordingly, the motion is **GRANTED.**

**Motion** *in Limine* **No. 2:** To preclude Mason from eliciting any testimony from any non-expert witness alleging or implying Snell failed to follow IDOC policies and procedures. Snell argues that violations of policies or procedures are not equivalent to constitutional violations, so any attempt to present evidence of noncompliance with policies or procedures will confuse the issues or mislead the trier of fact.

In his response, Mason argues that this motion is premature; instead, the Court should consider offers of evidence of non-compliance with policies and procedures on an issue-by-issue basis. This is because evidence of noncompliance with policy or procedure could be relevant to Snell's motive, which is one of the elements in the case.

The Court agrees; without having seen the testimony or evidence Mason might elicit on the subject, the Court cannot determine whether it would confuse the issues or mislead the trier of fact without speculating. Accordingly, the request is premature, and the Court **RESERVES RULING** on it. The parties may make appropriate evidentiary objections as the need arises at trial.

**Motion** *in Limine* **No. 3:** To preclude Mason from suggesting, referencing, or eliciting any testimony or evidence regarding the content of his grievances or the content of grievances authored by other witnesses or individuals in custody. Snell argues the grievances contain statements of inadmissible hearsay, for which no exception to the rule against hearsay applies, and that their use in Mason's case-in-chief would constitute inadmissible bolstering (unless the grievances had first been used to attack a given witness's credibility first). Snell asserts, however, that he could use Mason's grievances to impeach him.

In his response, Mason explains that he does not intend to enter any inadmissible hearsay but argues that this motion is premature. Instead, issues of hearsay should be decided on an issue-by-issue basis at trial.

The Court agrees this request is premature. Whether the grievances constitute hearsay depends on whether they are offered for the truth of the matter asserted or for some other purpose; whether impermissible bolstering has occurred depends on context. Because any determination would be speculative at this time, the Court **RESERVES RULING** on this request. The parties may make appropriate evidentiary objections as the need arises at trial.

**Motion** *in Limine* **No. 4:** To preclude Mason from eliciting any testimony regarding other lawsuits involving Snell. Snell argues Mason should only be able to introduce testimony or evidence regarding Snell's awareness of the prior lawsuits; any other testimony, he contends, would not be relevant under Rule 401, would be improper character evidence under 404(b), and would constitute inadmissible hearsay evidence under Rule 802.

In his response, Mason argues that this motion is premature and should be decided on an issue-by-issue basis, as some uses may be admissible while others are inadmissible. Further, the fact of Mason's prior lawsuits against Snell are central to establishing the elements of his First Amendment retaliation claim.

The Court agrees with Mason; this motion is premature. Accordingly, the Court **RESERVES RULING** on this request. The parties may make appropriate evidentiary objections as the need arises at trial.

**Motion** *in Limine* **No. 5:** To preclude Mason from eliciting any testimony regarding any misconduct, reprimand, or grievances issued against Snell. Snell argues this evidence would not be relevant and would constitute inadmissible character evidence.

In his response, Mason explains that he does not intend to enter any inadmissible character evidence but argues that this motion is premature. Instead, issues of admissibility should be decided on an issue-by-issue basis at trial.

The Court agrees. Whether something is inadmissible character evidence or evidence admissible for some other purpose is governed by the Federal Rules of Evidence and will depend on the context in which it is used at trial. Accordingly, the Court **RESERVES RULING** on this request. The parties may make appropriate evidentiary objections as the need arises at trial.

**Motion** *in Limine* **No. 6:** To preclude Mason from making any argument or eliciting any testimony suggesting that the trier of fact place itself in Mason's position, otherwise known as a "Golden Rule" appeal.

Mason does not oppose this request so long as it extends to any similar arguments by Snell.

This is simply a request to enforce the well-settled rule that Golden Rule appeals are improper. *E.g.*, *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 891 (7th Cir. 2024) ("Of course, '[a]n appeal to the jury to imagine itself in the plaintiff's position is impermissible . . . .'") (quoting *Joan W. v. City of Chicago*, 771 F.2d 1020, 1022 (7th Cir. 1985)); *see also Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246

(7th Cir. 1982), *aff'd*, 465 U.S. 752 (1984) ("A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.") (quotation omitted). Accordingly, the motion is **GRANTED**.

**Motion** *in Limine* **No. 7:** To preclude Mason from eliciting any testimony from any non-expert witness regarding the causation of any mental health or medical conditions.

Mason does not oppose this request; accordingly, the motion is **GRANTED**.

**Motion** *in Limine* **No. 8:** To preclude Mason from attempting to elicit testimony from any witness beyond the scope of their personal knowledge.

Mason does not oppose this request; accordingly, the motion is **GRANTED**.

**Motion** *in Limine* **No. 9:** To preclude Mason from suggesting, referencing, or eliciting any testimony regarding statements made by other inmates, staff, or witnesses. Snell argues that such out-of-court statements are inadmissible hearsay.

In his response, Mason explains that he does not intend to enter any inadmissible hearsay but argues that this motion is premature. Instead, issues of hearsay should be decided on an issue-by-issue basis at trial.

The Court agrees. Whether a given statement is hearsay (and thus inadmissible) is governed by the Federal Rules of Evidence and will depend on the context in which it is used at trial. Accordingly, the Court **RESERVES RULING** on this request. The parties may make appropriate evidentiary objections as the need arises at trial.

**Motion** *in Limine* **No. 10:** To preclude Mason from making any reference to punishing or sending a message to the State of Illinois, IDOC, or other non-party IDOC employees.

Mason does not oppose this request; accordingly, the motion is **GRANTED**.

**Motion** *in Limine* **No. 11:** To preclude Mason from suggesting any amount of noneconomic damages to the jury. Specifically, Snell argues that because Mason did not disclose any specific damages computation, he cannot request a specific damages amount from the jury.

Mason does not oppose this request and is seeking only nominal and punitive damages. Accordingly, the motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:   July 7, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**